UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REX CARVER,<br><br>    Plaintiff,<br><br>v.<br><br>BETSY DeVOS, Secretary of the U.S. Department of Education, et al.,<br><br>    Defendants. | Case No. 3:19-cv-00191<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Waverly D. Crenshaw, Jr., District Judge

## **REPORT AND RECOMMENDATION**

This action brought under the Administrative Procedure Act (APA), 5 U.S.C. § 702, concerns Plaintiff Rex Carver's federal student loans and Defendants Secretary of Education Betsy DeVos and the United States Department of Education's denials of Carver's applications to discharge those loans as falsely certified under 20 U.S.C. § 1087(c) and 34 C.F.R. § 685.215(a). (Doc. No. 1.) The defendants have filed a motion to dismiss Carver's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted and have attached the administrative record as an exhibit to their supporting memorandum of law. (Doc. Nos. 22, 23-1.)

The defendants' motion raises two arguments, one that is appropriate for resolution on a Rule 12(b)(6) motion to dismiss and one that is not. First, the defendants raise the applicable statute of limitations as an affirmative defense and argue that Carver's challenges to the first five denials of his applications are untimely. (Doc. No. 23.) Second, they argue that Carver's challenges to the remaining denials fail on the merits because those denials are supported by evidence in the

administrative record. (*Id.*) Carver's response to the defendants' motion concedes that any challenges to the first five denials are time-barred, states that he is challenging only the seventh and eighth denials in this action, and argues that the motion to dismiss should be denied because the record evidence shows that those two denials violated the APA. (Doc. No. 31.) Because Carver only opposes the motion to dismiss in part, and because the parties' merits arguments regarding Carver's disputed APA claims are better suited to resolution on a motion for judgment on the administrative record or a motion for summary judgment, the Magistrate Judge will recommend that the defendants' motion to dismiss be granted in part and denied in part without prejudice.

## I. Background

### A. Factual Background[1]

On August 18, 1989, Carver was convicted of "two felonies, Principal to Robbery with a Deadly Weapon and Burglary of Conveyance while Armed," and one misdemeanor for battery under Florida law. (Doc. No. 1, PageID# 3, ¶ 15.) Carver received a twelve-year sentence and was released from custody in 1997. (Doc. No. 1.) After his release, Carver "enrolled full time at Keiser University in Fort Lauderdale, [Florida,] for an Associate of Science Medical Laboratory Technician degree . . . for the sole purpose of pursuing a career as a medical laboratory technician." (*Id.* at PageID# 4, ¶¶ 18, 19.) As part of the enrollment process, Carver "discussed his previous criminal background with Rosalind Wald, an Admissions Counselor at Keiser University." (*Id.* at PageID# 4, ¶ 23.) Carver "expressed his concern that his criminal background would bar him from working as a medical laboratory technician in Florida" and "Ms. Wald advised [Carver] that his criminal background would not prevent him from working in this field." (*Id.* at PageID# 4, ¶¶ 24,

---

[1] The facts in this section are drawn from Carver's complaint (Doc. No. 1) and taken as true for purposes of analyzing the defendants' motion to dismiss. *See Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016).

25.) "In reliance upon Ms. Wald's statement, [Carver] proceeded to obtain student loan financing[,]" including "at least one federally guaranteed loan under the William D. Ford Direct Loan Program." (*Id.* at PageID# 4, ¶¶ 21, 26.)

Carver began taking courses toward his medical laboratory technician degree in April 1997. (Doc. No. 1.) As part of his coursework, Carver "was required to complete an internship with a local hospital or other medical provider." (*Id.* at PageID# 4, ¶ 27.) Carver "was informed by his instructor, Ms. Samuels, that in order to be approved for an internship, the hospital where the internship would be completed would require [Carver] to complete a criminal background check." (*Id.* at PageID# 5, ¶ 27.) Samuels was also the first to notify Carver that, "due to state licensing requirements for medical laboratory technicians (which would also apply to interns in the same field), [Carver] would not be approved for his internship or subsequent licensing as a medical laboratory technician." (*Id.* at PageID# 5, ¶ 28.) Carver "inquire[d] about this[ ] and confirmed that[,] under Florida law, he was barred from obtaining a license as a medical laboratory technician due to his criminal convictions." (*Id.* at PageID# 5, ¶ 30.) Specifically, "the laws governing the licensing and regulation of medical laboratory technicians in Florida [at that time] . . . required that . . . security background investigations ensure that no employee with a professional license have a felony conviction under Chapter 812 of the Florida Statutes, which include the three (3) offenses [Carver] was previously convicted of." (*Id.* at PageID# 5, ¶¶ 31, 32 (citing Fla. Stat. Ann. § 435.04(4) (1997)); *see also id.* at PageID# 6, ¶ 34 (citing Fla. Stat. Ann. §§ 483.813, 483.825(5), 483.827) (1997)).) "After [Carver] discovered that he would not be able to obtain a license as a medical laboratory technician, he did not pursue the degree of Medical Laboratory Technology further and enrolled in Keiser's Associates of Science degree in Computer Programming on September 28, 1998." (*Id.* at PageID# 6, ¶ 37.)

On "a number of occasions, including as recently as late 2018" (*id.* at PageID# 6, ¶ 39), Carver "applied for discharge of his federal student loans based on [20 U.S.C. § 1087(c),] which requires [the Department of Education] to discharge the loans of students whose schools falsely certify their eligibility for federal financial aid" (*id.* at PageID# 2, ¶ 5), and 34 C.F.R. § 685.215(a), which defines false certification to include certifying "eligibility even though the borrower's . . . criminal record disqualified the borrower from employment" (*id.* at PageID# 2, ¶ 6 (citing 34 C.F.R. § 685.215(a))). Carver "received a letter dated November 20, 2018[,] from the Department [of Education] denying his application" (*id.* at PageID# 6, ¶ 40) "even though he [was] eligible" for loan discharge under 20 U.S.C. § 1087(c) and 34 C.F.R. § 685.215(a) (*id.* at PageID# 2, ¶ 5).

### B. Procedural History

Carver initiated this action on March 1, 2019, by filing a complaint under 5 U.S.C. § 702 alleging that Defendants DeVos and the Department of Education's denials of his loan discharge applications violated the APA because the denials were arbitrary and capricious, abuses of discretion, and contrary to law. (Doc. No. 1.) Carver asks the Court to reverse the defendants' decisions and require them to discharge his loans. (*Id.*) The parties jointly proposed an initial case management order providing for a discovery period followed by dispositive motion briefing and, if necessary, a bench trial. (Doc. No. 24.) After an initial case management conference, the Magistrate Judge entered an initial case management order setting June 5, 2020, as the deadline for written discovery and September 16, 2020, as the deadline for dispositive motions (Doc. No. 28). The District Judge entered a trial order setting this matter for a bench trial on April 6, 2021 (Doc. No. 30).

On October 31, 2019, the defendants filed a motion to dismiss Carver's complaint under Rule 12(b)(6) for failure to state a claim on which relief can be granted. (Doc. No. 22.) They advance two sets of arguments, one that turns on the applicable statute of limitations and another

4

Case 3:19-cv-00191   Document 35   Filed 07/22/20   Page 4 of 9 PageID #: 384

that turns on the contents of the administrative record. (Doc. No. 23.) First, the defendants argue that Carver's APA claims are subject to a six-year statute of limitations and that any claims in the complaint based on the first five of nine denial letters are time-barred and must be dismissed. (*Id.*) Second, the defendants argue that any claims based on the remaining denial letters fail on the merits because the administrative record supports each of the stated reasons for denying Carver's applications for discharge, including that Florida law did not bar Carver from obtaining a medical laboratory technician license because of his criminal record. (*Id.*)

Carver responded in opposition to the defendants' motion, stating that he "is challenging only Denials 7 and 8 of his false certification applications" and "agrees that the other applications were lacking supporting documentation or were outside the statute of limitations." (Doc. No. 31, PageID# 363.) Carver opposes dismissal of his timely claims, arguing that the administrative record shows that the defendants violated the APA because their reasons for denials seven and eight were not supported by the record and were instead arbitrary, capricious, and contrary to 20 U.S.C. § 1087(c) and 34 C.F.R. § 685.215(a). (Doc. No. 31.) Carver further argues that the defendants never cited Florida law as a reason for those denials and may not rely on new, post-hoc justifications to defeat his APA claims in this action. (*Id.*) The defendants argue in reply that Florida law never barred Carver from obtaining a medical laboratory technician license but do not address Carver's argument that the Court may not consider post-hoc rationalizations in reviewing Carver's APA claims. (Doc. No. 32.) The defendants also argue that denials seven and eight were not arbitrary or capricious. (*Id.*)

## II.      Legal Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the

plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A plaintiff must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**III.      Analysis**

Carver does not oppose the dismissal of his claims based on denial letters one through six as untimely, and the Court will recommend that those claims be dismissed. After careful consideration of the parties' arguments and the procedural posture of this case, the Court finds that a Rule 12(b)(6) motion to dismiss is not an appropriate vehicle for adjudicating Carver's remaining APA claims. A court's review of a motion to dismiss under Rule 12(b)(6) "is typically limited to the complaint's allegations, which . . . must [be] construe[d] in the light most favorable to the plaintiff." *Berry v. United States*, 832 F.3d 627, 637 (6th Cir. 2016). The defendants have attached administrative records concerning Carver's loan discharge applications to their motion to dismiss and ask the Court to consider these records in resolving their motion. (Doc. Nos. 23, 23-1.) In so

doing, the defendants effectively ask the Court to treat their Rule 12(b)(6) motion to dismiss as a motion for judgment on the administrative record or a motion for summary judgment under Rule 56.

Courts reviewing administrative decisions under 5 U.S.C. § 702 have an obligation to examine the administrative records and "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Motor Vehicle Mfrs.' Ass'n of the U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (quoting *Bowman Transp. Inc. v. Ark.-Best Freight Sys., Inc.*, 419 U.S. 281, 285 (1974)). While the defendants point to some authority supporting a court's ability to consider the administrative record in determining a Rule 12(b)(6) motion to dismiss in this context, this Court "finds that its obligation to review the administrative record is not properly fulfilled in the Rule 12(b)(6) context *in this case*." *Tomlin v. Laborers Pension Tr. Fund*, No. 05-60242, 2006 WL 8460018, at *1 (E.D. Mich. Feb. 16, 2006) (emphasis in original).

First, it is not clear that the entire administrative record is before the Court. The defendants have not certified that the records attached to their motion to dismiss represent the full administrative record regarding Carver's loan discharge applications and instead refer to "specific pages" of the record in their certifications. (Doc. No. 23-1, at PageID# 75; *see also id.* (certifying "that specific pages from 000001 through 000186 incorporated by reference from Carver Admin Record for DSQ Status Dated Nov. 19[,] 2018 and specific pages from 000187-000233 incorporated by reference from Carver Admin Record for TOP Hearing Decision Dated Dec. 12, 2018[,] constitute true copies of the administrative record for Education's (ED) Nov. 18, 2013[,] Disqualifying Status Denial to Rex Carver").)

Second, the parties specifically proposed—and the Court entered—a case management order that allows for discovery and the filing of substantive dispositive motions. The defendants filed their motion to dismiss seven months before the discovery period closed, and the substantive dispositive motion deadline in this action has not yet passed. While courts in this district sometimes enter scheduling orders in APA cases that, at the parties' request, omit discovery and direct the parties to file substantive motions for judgment on the administrative record, *see* Order, *AUI Mgmt., LLC v. U.S.D.A.*, No. 2:11-cv-00121 (M.D. Tenn. Sept. 4, 2015), ECF No. 60, that is not what the parties requested in this case. It is also not what the defendants have put before the Court in their motion.

If the defendants' motion was a true motion to dismiss under Rule 12(b)(6)—i.e., if it took the facts in Carver's complaint as true and argued that dismissal was nevertheless appropriate— the Court could appropriately resolve it at this stage of litigation. But the defendants' arguments rely on facts in the administrative record not found in the complaint. Even the defendants' arguments regarding Florida law conflict with Carver's allegations and would require the Court to determine, based on the administrative record, if Florida law was a stated reason for the challenged loan discharge denials. The Court finds that such arguments are better resolved in the context of a motion for summary judgment under Rule 56 or a motion for judgment on the full administrative record. Therefore, to the extent Carver opposes the defendants' motion, it should be denied without prejudice.

**IV.     Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that the defendants' motion to dismiss (Doc. No. 22) be GRANTED IN PART AND DENIED IN PART. The motion should be GRANTED AS UNOPPOSED with respect to any claims based on denial letters one through six and nine, and those claims should be DISMISSED. With respect to Carver's APA claims regarding

denial letters seven and eight, the motion should be DENIED WITHOUT PREJUDICE to the parties raising their respective arguments in motions for judgment on the administrative record or for summary judgment in accordance with the schedule set forth in the case management order.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 22nd day of July, 2020.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge