# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **REX CARVER,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:19-cv-00191 |
| **PHIL ROSENFELT,**[1] **in his official capacity as Acting Secretary of the U.S. Department of Education, et al.,** | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

On February 3, 2021, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 51) recommending that the Court deny Defendants' Motion for Judgment on the Administrative Record (Doc. No. 40) and grant Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 44). Defendants did not file any timely objections to the R&R, despite the R&R's specific warnings regarding waiver. (See Doc. No. 51 at 19).

Having thoroughly reviewed the R&R, the Court agrees with the Magistrate Judge's analysis. Specifically, the Court agrees that the Department of Education's ("DOE") seventh denial letter (AR 131–32)[2] was arbitrary and capricious and should be reversed because the administrative record reflects that Plaintiff informed an "[a]dmissions person" at Keiser University ("Keiser") of his disqualifying criminal record before Keiser certified his federal student loans.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Secretary of Education Phil Rosenfelt has been automatically substituted as a defendant in this action for former Secretary of Education Elisabeth ("Betsy") Devos.

[2] To be consistent with the R&R's citing conventions, the Court will cite to the certified administrative record (Doc. No. 23-1) as "AR" and will refer to all page numbers cited therein by the black Bates stamp number at the bottom right corner of each page.

(See Doc. No. 51 at 10–14; see also AR 81–82). The Court also agrees that the DOE's eighth denial letter (AR 185–86) was arbitrary and capricious and should be reversed because it relied on factors that Congress did not intend DOE to consider, namely whether Plaintiff knew or believed that his criminal record would disqualify him from Keiser's medical laboratory technician program. (See Doc. No. 51 at 14–18).

Accordingly, the R&R (Doc. No. 51) is **APPROVED AND ADOPTED**; Defendants' Motion for Judgment on the Administrative Record (Doc. No. 40) is **DENIED**; and Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 44) is **GRANTED**. But because 20 U.S.C. § 1082(a)(2) prohibits the Court from ordering the Secretary of Education to discharge Plaintiff's loan debt, see Weingarten v. Devos, 468 F. Supp. 3d 322, 336 (D.D.C. 2020), the Court instead vacates the DOE's arbitrary and capricious denials of Plaintiff's seventh and eighth applications for loan discharge, declares those actions unlawful under the relevant statutory and regulatory provisions identified in the R&R (see Doc. No. 51 at 10–18), and **REMANDS** this action to the DOE for further proceedings consistent with the Administrative Procedure Act, the R&R, and this Order.

The April 6, 2021 trial and March 15, 2021 pretrial conference are **CANCELLED**, and the parties are relieved from all deadlines set forth in the Court's November 13, 2019 trial-setting Order (Doc. No. 30).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE